UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

CIVIL ACTION NO.

JOSE QUINONES,
    Plaintiff

04 - 30111 - MAP

vs.

HOUSER BUICK,
    Defendant

FILING FEE PAID:
RECEIPT # 305648
AMOUNT $ 150.00
BY DPTY CLK MGH
DATE 6/10/04

## NOTICE OF REMOVAL

Defendant in the above titled action, by its undersigned attorney, and pursuant to 28 U.S.C. 1441, *et seq.*, state as follows:

1. Defendant exercises its rights under the provisions of 28 U.S.C. §1441, *et seq.*, to remove this action from the Hampden Superior Court Department of the Trial Court, Commonwealth of Massachusetts, Hampden County, in which this case is now pending under the name and style: Jose Quinones vs. Houser Buick, Civil Action No. 2004-00492-A.

2. This is an action in which the Superior Courts of the United States have been given original jurisdiction in that it arises under the laws of the United States as provided in 28 U.S.C. §1331.

3. Specifically, plaintiff alleges a violation of Title VII, 42 U.S.C. §2000e et seq.

4. This action was filed on or about May 17, 2004. Summons dated May 17, 2004, and the Amended Complaint was served on the defendant on or about May 24, 2004. In accordance with the requirements of 28 U.S.C. § 1446, this Notice of Removal is filed within 30 days after the service of the Summons and Amended Complaint upon the defendant.

367212

5. Pursuant to 28 U.S.C. §1446, the defendant is filing contemporaneously with this Notice of Removal copies of the following served upon it in this action (attached hereto):

    (a) Summons dated May 17, 2004;

    (b) Amended Complaint; and

    (c) Defendant's Acceptance of Service.

6. Based on the foregoing, the defendant respectfully requests that this action be removed from the Superior Court, Department of the Trial Court of Massachusetts, Commonwealth of Massachusetts, Hampden Division, to the United States District Court for the District of Massachusetts, Western Division, the District where the action is pending.

7. Written notice of the filing of this Notice will be given to adverse parties.

8. A copy of this petition will be filed with the clerk of the Superior Court Department, Hampden Division.

WHEREFORE, the defendant respectfully requests that this action be removed to this Court and that this Court accept jurisdiction of this action and that this action be placed on the docket of this Court for further proceedings, as though this action had originally been instituted in this Court.

THE DEFENDANT
HOUSER BUICK

By /s/ John C. Sikorski
John C. Sikorski, Esq., of
Robinson Donovan, P.C.
1500 Main Street, Suite 1600
Springfield, Massachusetts 01115
Phone (413) 732-2301  Fax (413) 785-4658
BBO No.: 461970

367212

## CERTIFICATE OF SERVICE

I, John C. Sikorski, Esq., hereby certify that on this _10th_ day of June, 2004, I served a copy of the above upon the parties in the action by mailing, postage prepaid, to counsel, Steven R. Weiner, Esq., 930 Main Street, Springfield, MA 01103.

Subscribed under the penalties of perjury.

_____
John C. Sikorski, Esq.

367212

# COMMONWEALTH OF MASSACHUSETTS

HAMPDEN, ss.

SUPERIOR COURT
DEPARTMENT OF THE TRIAL COURT
CIVIL ACTION
NO. 04 492

JOSE QUINONES, , PLAINTIFF(S)

V.                                    SUMMONS

HOUSER BUICK, , DEFENDANT(S)

NOTICE TO DEFENDANT -- You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's office.

To the above named defendant:

You are hereby summoned and required to serve upon Steven R. Weiner, Esquire, plaintiff's attorney, whose address is 930 Main Street, Springfield, MA an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Springfield either before service upon the plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Suzanne V. DelVecchio, Esq., at Springfield the __seventeenth__ day of __May__ in the year of our Lord two thousand four.

*[signature]*
Clerk / Magistrate

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

FORM No. 1

COMMONWEALTH OF MASSACHUSETTS

HAMPDEN, SS                                                SUPERIOR COURT DEPARTMENT
                                                           CIVIL ACTION NO.: 04-492

JOSE QUINONES,               ]
                             ]
        Plaintiff,           ]
                             ]
vs.                          ]      PLAINTIFF'S AMENDED COMPLAINT
                             ]
HOUSER BUICK,                ]
                             ]
        Defendant.           ]

1. The Plaintiff is Jose Quinones an individual who resides at 122 Moreland Street in Springfield, Massachusetts. The Plaintiff Jose Quinones is hereinafter referred to as the Plaintiff.

2. The Defendant is Houser Buick, Inc., a corporation with a principal place of business at East Columbus Avenue in Springfield, Massachusetts and is hereinafter referred to as the Defendant Houser.

3. The Plaintiff is of Hispanic origin and is a member of a protected class under the Federal Constitution and Massachusetts Declaration of Rights, as well as under Massachusetts General Laws Chapter 151B and under Title 7 of the United States Code.

4. The Defendant Houser owns and operates an Auto Body Shop.

5. The Plaintiff is qualified for the position of auto technician that he held.

6. On or about March 23, 1999 the Plaintiff was supervised at the Defendant Houser's place of business by Kevin O'Connor.

7. Discriminatory acts occurred from on or about March 23, 1999 until March 22, 2003.

8. Kevin O'Connor treated Plaintiff differently than other white employees.

9. The Defendant Houser did not stop Kevin O'Connor's discriminatory acts.

Steven R. Weiner, Esquire
Attorney at Law
Springfield, MA

10. Plaintiff was grievously injured as a result of the actions of Defendant Houser, which acts included paying Hispanic employees less than white employees and in treating the Plaintiff's visitors differently than the visitors to white employees.

11. As a result of the Defendant Houser actions the Plaintiff was discriminated against on the basis of his National Origin in violation of Title VII and M.G.L. Chapter 151B.

12. As a result of Kevin O'Connor's actions, the Plaintiff was discriminated against on the basis of his National Origin in violation of Title VII and M.G.L. Chapter 151B.

WHEREFORE, Plaintiff demands judgment against the dollar amount to be determined by the Court, attorney fees, interest, costs of Court, compensatory damages and exemplary damages we well as punitive damages.

## COUNT I

13. The Plaintiff restates and realleges each and every allegation of the foregoing paragraphs of the within Complaint.

14. The Plaintiff says that he was discriminated against intentionally and intentionally paid less because he was of Hispanic origin than white persons in the employ of Defendant Houser.

WHEREFORE, Plaintiff demands judgment against Defendant in an amount to be determined by the Court together with interest, costs of Court, attorney's fees, punitive damages and exemplary damages.

## COUNT II

15. The Plaintiff restates and realleges each and every allegation of the foregoing paragraphs of the within Complaint.

16. The Plaintiff states that the Defendant's acts violated Massachusetts General Laws Chapter 151B in accommodating and in treating equally the Plaintiff.

WHEREFORE, Plaintiff demands judgment against Defendant in an amount to be determined by the Court together with interest, costs of Court, attorney's fees, compensatory damages, exemplary damages as well as punitive damages.

The Plaintiff,
Jose Quinones,
By His Attorney,

Dated:

_____
Steven R. Weiner, Esquire
BBO# 520090
930 Main Street
Springfield, MA 01103
(413) 781-1154

## CERTIFICATE OF SERVICE

    I, Steven R. Weiner, Esquire hereby certify that on this _____ day of May 2004 I caused a copy of the foregoing document to be served upon the parties in this action by mailing a copy of the same, postage prepaid, first class mail to James F. Martin, Esquire, ROBINSON, DONOVAN, P.C., 1500 Main Street, Suite 1600, P.O. Box 15609, Springfield, MA  01115-5609.

 

                                                                      _____
                                                                      Steven R. Weiner, Esquire

COMMONWEALTH OF MASSACHUSETTS

HAMPDEN, SS.                                                        SUPERIOR COURT
                                                                    CIVIL ACTION NO. 04-492

JOSE QUINONES,                    )
    Plaintiff                     )
                                  )
vs.                               )
                                  )
HOUSER BUICK                      )
                                  )
    Defendant                     )
                                  )

## ACCEPTANCE OF SERVICE

On _MAY 27, 2004_, I accepted a copy of the within summons, together with a copy of Plaintiff's Amended Complaint in this action, on behalf of the within-named defendant, Houser Buick, in the following manner [see Rule 4(d)(1-5)]:

_____
John C. Sikorski, Esq.
Robinson, Donovan, P.C.
1500 Main Street, Suite 1600
Springfield, Massachusetts 01115
Phone (413) 732-2301   Fax (413) 785-4658
BBO No.: 461970

351726