Commonwealth of Massachusetts
HAMPDEN SUPERIOR COURT
Case Summary
Civil Docket

04-30111-MAP

## HDCV2004-00492
### Quinones v Houser Buick

| File Date | 05/17/2004 | Status | Disposed: transfered to other court (dtrans) | | |
|---|---|---|---|---|---|
| Status Date | 06/11/2004 | Session | A - Civil A - CtRm 6 | | |
| Origin | 1 | Case Type | B22 - Employment Discrimination | | |
| Lead Case | | Track | F | | |
| Service | 08/15/2004 | Answer | 10/14/2004 | Rule12/19/20 | 10/14/2004 |
| Rule 15 | 10/14/2004 | Discovery | 03/13/2005 | Rule 56 | 04/12/2005 |
| Final PTC | 05/12/2005 | Disposition | 07/11/2005 | Jury Trial | Yes |

SCANNED

### PARTIES

**Plaintiff**
Jose Quinones
Active 05/17/2004

Private Counsel 520090
Steven R Weiner
930 Main Street
Springfield, MA 01103
Phone: 413-781-1154
Fax: 413-732-2946
Active 05/17/2004 Notify

**Defendant**
Houser Buick
Answered: 06/08/2004
Answered 06/08/2004

Private Counsel 461970
John C Sikorski
Robinson Donovan Madden & Barry
1500 Main Street, Suite 1600
PO Box 15609
Springfield, MA 01115
Phone: 413-732-2301
Fax: 413-785-4658
Active 06/09/2004 Notify

### ENTRIES

| Date | Paper | Text |
|---|---|---|
| 05/17/2004 | 1.0 | Complaint & civil action cover sheet filed |
| 05/17/2004 | | Origin 1, Type B22, Track F. |
| 06/02/2004 | 2.0 | Amended complaint. |
| 06/08/2004 | 3.0 | ANSWER (amended complaint): Houser Buick. T.O. |
| 06/11/2004 | 4.0 | Case REMOVED this date to US District Court of Massachusetts. |

### EVENTS



A TRUE COPY
OF THE DOCKET MINUTES:
IN WITNESS WHEREOF, I hereunto
set my hand, and have caused the seal
of the Superior Court for the County
of Hampden to be affixed on this
15th day of June, 2004

Barbara Holubecki
Deputy Assistant Clerk

COMMONWEALTH OF MASSACHUSETTS
DEPARTMENT OF THE TRIAL COURT

HAMPDEN, SS.                                          SUPERIOR COURT
                                                      CIVIL ACTION NO. 04-492

JOSE QUINONES,                    )        HAMPDEN COUNTY
    Plaintiff                     )        SUPERIOR COURT
                                  )        **FILED**
vs.                               )
                                  )        JUN - 8 2004
HOUSER BUICK,                     )
    Defendant                     )        CLERK-MAGISTRATE

## DEFENDANT'S ANSWER TO AMENDED COMPLAINT AND DEMAND FOR TRIAL BY JURY

1. The defendant admits the allegations contained in paragraph 1 of the plaintiff's complaint.

2. The defendant admits the allegations contained in paragraph 2 of the plaintiff's complaint.

3. The defendant neither admits nor denies the allegations contained in paragraph 3 of the plaintiff's complaint as it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and leaves the plaintiff to his burden of proof.

4. The defendant admits the allegations contained in paragraph 4 of the plaintiff's complaint.

5. The defendant neither admits nor denies the allegations contained in paragraph 5 of the plaintiff's complaint as it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and leaves the plaintiff to his burden of proof.

6. The defendant admits the allegations contained in paragraph 6 of the plaintiff's complaint.

367190

7. The defendant denies the allegations contained in paragraph 7 of the plaintiff's complaint.

8. The defendant denies the allegations contained in paragraph 8 of the plaintiff's complaint.

9. The defendant denies the allegations contained in paragraph 9 of the plaintiff's complaint.

10. The defendant denies the allegations contained in paragraph 10 of the plaintiff's complaint.

11. The defendant denies the allegations contained in paragraph 11 of the plaintiff's complaint.

12. The defendant denies the allegations contained in paragraph 12 of the plaintiff's complaint.

## AS TO COUNT I

13. The defendant repeats and realleges its answers to the allegations contained in paragraphs 1 through 12 of the plaintiff's complaint and incorporates them herein by reference.

14. The defendant denies the allegations contained in paragraph 14 of the plaintiff's complaint.

## AS TO COUNT II

15. The defendant repeats and realleges its answers to the allegations contained in paragraphs 1 through 14 of the plaintiff's complaint and incorporates them herein by reference.

16. The defendant denies the allegations contained in paragraph 16 of the plaintiff's complaint.

367190

### SECOND DEFENSE

Some or all of the claims set forth in the complaint are barred by applicable statute of limitations and/or by the doctrine of laches.

### THIRD DEFENSE

The plaintiff has waived or should be estopped from asserting some or all of the claims set forth in the complaint.

### FOURTH DEFENSE

Some or all of the claims set forth in the complaint are barred by virtue of the plaintiff's failure to mitigate his damages.

### FIFTH DEFENSE

The employment relationship between the plaintiff and the Corporation was terminable at will of either plaintiff or the defendant such as the exercise of that right cannot give to the claims set forth in the complaint.

### SIXTH DEFENSE

The plaintiff's claims for damages for alleged emotional distress injuries, are barred because those claims are subject to, and pre-empted by, the exclusive remedy provisions of the applicable Worker's Compensation Act.

### SEVENTH DEFENSE

The plaintiff is not entitled to punitive damages for the claims alleged in the complaint.

### EIGHTH DEFENSE

The plaintiff is not entitled to recover as the complaint does not set forth a claim upon which relief can be granted.

367190

### NINTH DEFENSE

The plaintiff is not entitled to on some or all of his complaint as he has not exhausted his administrative remedies nor fully complied with the administrative prerequisites to bringing suit.

### TENTH DEFENSE

The plaintiff is not entitled to punitive damages as his claim for punitive damages violates the Massachusetts and Federal Constitutions.

THE DEFENDANT HEREBY DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.

THE DEFENDANT
HOUSER BUICK

By /s/ John C. Sikorski
John C. Sikorski, Esq., of
Robinson Donovan, P.C.
1500 Main Street, Suite 1600
Springfield, Massachusetts 01115
Phone (413) 732-2301  Fax (413) 785-4658
BBO No.: 461970

### CERTIFICATE OF SERVICE

I, John C. Sikorski, Esq., hereby certify that on this 8th day of June, 2004, I served a copy of the above upon the parties in the action by mailing, postage prepaid, to counsel, Steven R. Weiner, Esq., 930 Main Street, Springfield, MA 01103.

Subscribed under the penalties of perjury.

/s/ John C. Sikorski
John C. Sikorski, Esq.

A true copy.
Attest:
Barbara Holubecki
Deputy Assistant Clerk

367190

COMMONWEALTH OF MASSACHUSETTS

HAMPDEN, SS
SUPERIOR COURT DEPARTMENT
CIVIL ACTION NO.: 04-492

JOSE QUINONES,

    Plaintiff,

vs.    PLAINTIFF'S AMENDED COMPLAINT

HOUSER BUICK,

    Defendant.

1. The Plaintiff is Jose Quinones an individual who resides at 122 Moreland Street in Springfield, Massachusetts. The Plaintiff Jose Quinones is hereinafter referred to as the Plaintiff.

2. The Defendant is Houser Buick, Inc., a corporation with a principal place of business at East Columbus Avenue in Springfield, Massachusetts and is hereinafter referred to as the Defendant Houser.

3. The Plaintiff is of Hispanic origin and is a member of a protected class under the Federal Constitution and Massachusetts Declaration of Rights, as well as under Massachusetts General Laws Chapter 151B and under Title 7 of the United States Code.

4. The Defendant Houser owns and operates an Auto Body Shop.

5. The Plaintiff is qualified for the position of auto technician that he held.

6. On or about March 23, 1999 the Plaintiff was supervised at the Defendant Houser's place of business by Kevin O'Connor.

7. Discriminatory acts occurred from on or about March 23, 1999 until March 22, 2003

8. Kevin O'Connor treated Plaintiff differently than other white employees.

9. The Defendant Houser did not stop Kevin O'Connor's discriminatory acts.

10. Plaintiff was grievously injured as a result of the actions of Defendant Houser, which acts included paying Hispanic employees less than white employees and in treating the Plaintiff's visitors differently than the visitors to white employees.

11. As a result of the Defendant Houser actions the Plaintiff was discriminated against on the basis of his National Origin in violation of Title VII and M.G.L. Chapter 151B.

12. As a result of Kevin O'Connor's actions, the Plaintiff was discriminated against on the basis of his National Origin in violation of Title VII and M.G.L. Chapter 151B.

WHEREFORE, Plaintiff demands judgment against the dollar amount to be determined by the Court, attorney fees, interest, costs of Court, compensatory damages and exemplary damages we well as punitive damages.

## COUNT I

13. The Plaintiff restates and realleges each and every allegation of the foregoing paragraphs of the within Complaint.

14. The Plaintiff says that he was discriminated against intentionally and intentionally paid less because he was of Hispanic origin than white persons in the employ of Defendant Houser.

WHEREFORE, Plaintiff demands judgment against Defendant in an amount to be determined by the Court together with interest, costs of Court, attorney's fees, punitive damages and exemplary damages.

## COUNT II

15. The Plaintiff restates and realleges each and every allegation of the foregoing paragraphs of the within Complaint.

16. The Plaintiff states that the Defendant's acts violated Massachusetts General Laws Chapter 151B in accommodating and in treating equally the Plaintiff.

WHEREFORE, Plaintiff demands judgment against Defendant in an amount to be determined by the Court together with interest, costs of Court, attorney's fees, compensatory damages, exemplary damages as well as punitive damages.

The Plaintiff,<br>
Jose Quinones,<br>
By His Attorney,

Dated: 5-24-04

Steven R. Weiner, Esquire
BBO# 520090
930 Main Street
Springfield, MA 01103
(413) 781-1154



A TRUE COPY.
Attest:
*Barbara Holubecki*
~~Deputy~~ Assistant Clerk

## CERTIFICATE OF SERVICE

I, Steven R. Weiner, Esquire hereby certify that on this 24th day of May 2004 I caused a copy of the foregoing document to be served upon the parties in this action by mailing a copy of the same, postage prepaid, first class mail to James F. Martin, Esquire, ROBINSON, DONOVAN, P.C., 1500 Main Street, Suite 1600, P.O. Box 15609, Springfield, MA 01115-5609.

_____
Steven R. Weiner, Esquire

# COVER SHEET

04 492

Trial Court of Massachusetts
Superior Court Department
County: _____

| PLAINTIFF(S) | DEFENDANT(S) |
|---|---|
| Jose Quinones | Houser Buick |
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE (413) 781-1154<br>Steven R. Weiner, Esquire<br>930 Main Street, Springfield, MA<br>Board of Bar Overseers number: 520090 | ATTORNEY (if known) |

## Origin code and track designation

Place an x in one box only:
- [X] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

## TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B 22 | Employment Discrimination | ( F ) | (x) Yes    ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses ............................................. $...........
2. Total Doctor expenses ............................................. $...........
3. Total chiropractic expenses ........................................ $...........
4. Total physical therapy expenses .................................... $...........
5. Total other expenses (describe) .................................... $...........
   Subtotal $...........
B. Documented lost wages and compensation to date .................... $38,000.00
C. Documented property damages to date ............................... $...........
D. Reasonably anticipated future medical and hospital expenses ....... $...........
E. Reasonably anticipated lost wages ................................. $...........
F. Other documented items of damages (describe) ...................... $...........
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)
   $...........

HAMPDEN COUNTY SUPERIOR COURT FILED MAY 17 2004
CLERK-MAGISTRATE

TOTAL $ 38,000.00

### CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a description of claim(s):

A True copy. Attest: Barbara Holubecki Deputy Assistant Clerk

TOTAL $...........

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____ Steven R. Weiner, Esquire _____ DATE: 5-17-04

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000

COMMONWEALTH OF MASSACHUSETTS

HAMPDEN, SS

HAMPDEN COUNTY SUPERIOR COURT FILED MAY 17 2004 [Clerk-Magistrate signature]

SUPERIOR COURT DEPARTMENT
CIVIL ACTION NO.:

04     492

JOSE QUINONES,

 Plaintiff,

vs.

HOUSER BUICK,

 Defendant,

PLAINTIFF'S COMPLAINT

1. The Plaintiff is Jose Quinones an individual who resides at 122 Moreland Street in Springfield, Massachusetts. The Plaintiff Jose Quinones is hereinafter referred to as the Plaintiff.

2. The Defendant is Houser Buick Inc. A corporation with principal place of business at East Columbus Avenue in Springfield, Massachusetts and is hereinafter referred to as the Defendant Houser.

3. The Plaintiff is of Hispanic origin and is a member of a protected class under the Federal Constitution and Massachusetts Declaration of Rights.

4. The Defendant Houser owns and operates an Auto Body Shop.

5. The Plaintiff is qualified for the position of auto technician that he held.

6. On or about March 23, 1999 the Plaintiff was supervised at the Defendant Houser's place of business by Kevin O'Connor.

7. Discriminatory acts occurred from on or about March 23, 1999 until March 22, 2003

8. Kevin O'Connor treated Plaintiff differently than other white employees.

9. The Defendant Houser did not stop Kevin O'Connor's discriminatory acts.

ven R. Weiner, Esquire
Attorney at Law
Springfield, MA

No. of Plffs. 1
Fee Paid = $ ___ Cash/Check
Surcharge Paid = $ ___ Cash/Check
Security Fee - Paid - $ ___ Cash/Check
Received by ___

10. Plaintiff was grievously injured as a result of the actions of Defendant Houser, which acts included paying Hispanic employees less than white employees and in treating the plaintiff's visitors differently than the visitors to white employees.

11. As a result of the Defendant Houser actions the Plaintiff was discriminated against on the basis of his National Origin in violation of Title VII and M.G.L. Chapter 151b.

12. As a result of Kevin O'Connor's actions the Plaintiff was discriminated against on the basis of his National Origin in violation of Title VII and M.G.L. Chapter 151b

13. The Plaintiff restates and realleges each and every allegation of the foregoing Paragraphs of the within complaint.

14. The Defendant Houser intentionally discriminated against the Plaintiff.

WHEREFORE Plaintiff demands judgment against the Dollar amount to be determined by the Court, attorney fees, interest costs of Court compensatory damages and exemplary damages as well as punitive damages.

The Plaintiff,
Jose Quinones,
By His Attorney,

Dated: 5-17-04

Steven R. Wiener
BBO # 520090
930 Main Street
Springfield, MA 01103
(413) 781-1154

A true copy.

Attest:

*Barbara Holubecki*
Deputy Assistant Clerk

Steven R. Weiner, Esquire
Attorney at Law
Springfield, MA

COMMONWEALTH OF MASSACHUSETTS

HAMPDEN, SS

SUPERIOR COURT DEPARTMENT
CIVIL ACTION NO.:

JOSE QUINONES, ]
]
    Plaintiff, ]
]
vs. ] DEMAND FOR JURY TRIAL
]
HOUSER BUICK, ]
]
    Defendant, ]

The Plaintiff demands a trial by jury on all issues.

The Plaintiff,
Jose Quinones,
By His Attorney,

Dated: 5/17/04

_____
Steven R. Weiner, Esquire
BBO# 520090
930 Main Street
Springfield, MA 01103
(413) 781-1154

Steven R. Weiner, Esquire
Attorney at Law
Springfield, MA