COMMONWEALTH OF MASSACHUSETTS
DEPARTMENT OF THE TRIAL COURT

HAMPDEN, SS.                                          SUPERIOR COURT
                                                      CIVIL ACTION NO. 04-492

| | |
|---|---|
| JOSE QUINONES,<br>Plaintiff | )<br>)<br>) |
| vs. | )<br>) |
| HOUSER BUICK,<br>Defendant | )<br>)<br>) |

HAMPDEN COUNTY
SUPERIOR COURT
**FILED**

JUN - 8 2004

CLERK-MAGISTRATE

### DEFENDANT'S ANSWER TO AMENDED COMPLAINT AND DEMAND FOR TRIAL BY JURY

1. The defendant admits the allegations contained in paragraph 1 of the plaintiff's complaint.

2. The defendant admits the allegations contained in paragraph 2 of the plaintiff's complaint.

3. The defendant neither admits nor denies the allegations contained in paragraph 3 of the plaintiff's complaint as it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and leaves the plaintiff to his burden of proof.

4. The defendant admits the allegations contained in paragraph 4 of the plaintiff's complaint.

5. The defendant neither admits nor denies the allegations contained in paragraph 5 of the plaintiff's complaint as it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and leaves the plaintiff to his burden of proof.

6. The defendant admits the allegations contained in paragraph 6 of the plaintiff's complaint.

367190

7. The defendant denies the allegations contained in paragraph 7 of the plaintiff's complaint.

8. The defendant denies the allegations contained in paragraph 8 of the plaintiff's complaint.

9. The defendant denies the allegations contained in paragraph 9 of the plaintiff's complaint.

10. The defendant denies the allegations contained in paragraph 10 of the plaintiff's complaint.

11. The defendant denies the allegations contained in paragraph 11 of the plaintiff's complaint.

12. The defendant denies the allegations contained in paragraph 12 of the plaintiff's complaint.

## AS TO COUNT I

13. The defendant repeats and realleges its answers to the allegations contained in paragraphs 1 through 12 of the plaintiff's complaint and incorporates them herein by reference.

14. The defendant denies the allegations contained in paragraph 14 of the plaintiff's complaint.

## AS TO COUNT II

15. The defendant repeats and realleges its answers to the allegations contained in paragraphs 1 through 14 of the plaintiff's complaint and incorporates them herein by reference.

16. The defendant denies the allegations contained in paragraph 16 of the plaintiff's complaint.

367190

## SECOND DEFENSE

Some or all of the claims set forth in the complaint are barred by applicable statute of limitations and/or by the doctrine of laches.

## THIRD DEFENSE

The plaintiff has waived or should be estopped from asserting some or all of the claims set forth in the complaint.

## FOURTH DEFENSE

Some or all of the claims set forth in the complaint are barred by virtue of the plaintiff's failure to mitigate his damages.

## FIFTH DEFENSE

The employment relationship between the plaintiff and the Corporation was terminable at will of either plaintiff or the defendant such as the exercise of that right cannot give to the claims set forth in the complaint.

## SIXTH DEFENSE

The plaintiff's claims for damages for alleged emotional distress injuries, are barred because those claims are subject to, and pre-empted by, the exclusive remedy provisions of the applicable Worker's Compensation Act.

## SEVENTH DEFENSE

The plaintiff is not entitled to punitive damages for the claims alleged in the complaint.

## EIGHTH DEFENSE

The plaintiff is not entitled to recover as the complaint does not set forth a claim upon which relief can be granted.

367190

### NINTH DEFENSE

The plaintiff is not entitled to on some or all of his complaint as he has not exhausted his administrative remedies nor fully complied with the administrative prerequisites to bringing suit.

### TENTH DEFENSE

The plaintiff is not entitled to punitive damages as his claim for punitive damages violates the Massachusetts and Federal Constitutions.

THE DEFENDANT HEREBY DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.

THE DEFENDANT
HOUSER BUICK

By _/s/ John C. Sikorski_
John C. Sikorski, Esq., of
Robinson Donovan, P.C.
1500 Main Street, Suite 1600
Springfield, Massachusetts 01115
Phone (413) 732-2301  Fax (413) 785-4658
BBO No.: 461970

### CERTIFICATE OF SERVICE

I, John C. Sikorski, Esq., hereby certify that on this 8th day of June, 2004, I served a copy of the above upon the parties in the action by mailing, postage prepaid, to counsel, Steven R. Weiner, Esq., 930 Main Street, Springfield, MA 01103.

Subscribed under the penalties of perjury.

_/s/ John C. Sikorski_
John C. Sikorski, Esq.

A true copy.
Attest:
_Barbara Holubecki_
Deputy Assistant Clerk

367190